1  **PHILIP B. PRICE, SBN 32620**
   **PRICE & BROWN**
2  **Attorneys at Law**
   **466 Vallombrosa Avenue**
3  **P. O. Box 1420**
   **Chico, California  95927**
4  **Telephone: (530) 343-4412**
   **Facsimile: (530) 343-7251**
5
   **FRANK J. DEMARCO, SBN 40754**
6  **Siskiyou County Counsel**
   **P. O. Box 659**
7  **Yreka, California 96097**
   **Telephone: (530) 842-8100**
8  **Facsimile:   530) 842-7032**

9  **Attorneys for Defendants COUNTY OF SISKIYOU, RICK RIGGINS, individually,**
   **and as SHERIFF OF SISKIYOU COUNTY, NATHAN MENDES**
10

11              **UNITED STATES DISTRICT COURT**

12             **EASTERN DISTRICT OF CALIFORNIA**

13
   CLARENCE HAROLD WHITE III,                Case No. 2:07-CV-00359-MCE-CMK
14
              Plaintiff,
15
   vs.                                       PROTECTIVE ORDER
16                                            [Rule 26(c)]

17 COUNTY OF SISKIYOU,
   RICK RIGGINS, individually and
18 as SHERIFF OF SISKIYOU COUNTY,
   NATHAN MENDES, and
19 DOES 1 through 50, inclusive,

20            Defendants.
   _____/
21
              The parties having stipulated to the hereinafter Protective Order and good
22
   cause appearing therefore;
23
              NOW THEREFORE IT IS ORDERED THAT:
24
25 1.    Any information given and any document produced in any discovery proceeding

26       herein, which information or document is maintained in the records of the County

27       of Siskiyou as confidential, shall be designated as "Confidential Information".

28 2.    "Confidential Information" under the terms of this Order is:

                                            1
                        _____
                              PROTECTIVE ORDER

a.   Any document or information maintained in the records of the County of Siskiyou which has not been made public and which any defendant herein claims is privileged and confidential and protected from disclosure under applicable state and/or federal law.

b.   Any document or information maintained in the records of the County of Siskiyou which has not been made public and which any other person, whether or not a party to this action, claims is privileged and confidential and protected from disclosure under applicable state and/or federal law.

3.   The privileges referred to in ¶2, above, include, but are not limited to the following:

a.   The Government Privilege for Official Information.

b.   The Law Enforcement Privilege.

c.   The Self-Critical Analysis Privilege.

d.   The Right to Privacy under the First Amendment to the Constitution of the United States.

e.   The Right to Privacy under the Constitution of the State of California.

f.   California Government Code §3303(f).

g.   California Government Code §832.7.

4.   Documents and information described above which are produced by any party pursuant to this Order shall be designated as "Confidential Information" under this Order.

5.   The production of any document or information pursuant to this Order shall not be deemed a violation of any privilege held by any party and any such privilege or right shall not be deemed waived, to the extent of any production made subject to and within the terms of this Order.

6.   The Confidential Information disclosed pursuant to the terms of this Order, including any notes, summaries, copies, abstracts, or other documents derived in full or in part from the documents and information so designated as

1    "Confidential Information" shall be used only for purposes of the prosecution,

2    defense, or settlement of the herein action, and for no other purpose.

3    7.    The Confidential Information disclosed pursuant to the terms of this Order,

4          including any notes, summaries, copies, abstracts, or other documents derived

5          in full or in part from the documents and information so designated as

6          "Confidential Information" may be disclosed or made available only to the court

7          herein, to counsel for the parties (including para-legals, and clerical and/or

8          secretarial staff employed by such counsel), to experts or consultants (together

9          with their clerical staffs) to assist the prosecution, defense or settlement of this

10         action, or to any other person to whom the Court shall so designate upon a

11         showing of "good cause" by any party.

12   8.    If any Confidential Information is disclosed to an expert or consultant who is not

13         a member of or employed by a party's attorney, each document containing such

14         Confidential Information shall be labeled as "Confidential-Subject to Court Order"

15         and such expert or consultant shall be provided with a copy of this Order at the

16         time of any such disclosure.

17   9.    Nothing in this Order shall limit the use of such confidential material as evidence

18         at trial nor shall anything contained herein relieve any party in this matter of

19         his/her/its obligations to respond to discovery under the Federal Rules of Civil

20         Procedure.

21   10.   If Confidential Information or any notes, summaries, copies, abstracts, or other

22         documents derived in full or in part therefrom, is included in any papers to be filed

23         in any court associated with the herein action, such papers may, pursuant to this

24         order, and shall be filed as a sealed documents pursuant to Local Rule of the

25         Eastern District, Rule 39-141, in an envelope containing the title and case number

26         of this action, labeled as "Sealed Confidential Documents-Subject to Court Order"

27         and containing a copy of this order attached thereto (pursuant to Local Rule 39-

28

1    141(a)).

2    11.   This Order shall be without prejudice to the right of the parties:

3          a.    To bring before this court at anytime the question of whether any particular

4                document or information is confidential or whether its use shall be

5                restricted, or

6          b.    To present a motion to this Court for an additional or separate protective

7                order as to any particular document or information, including restricts which

8                are different from those specified herein.

9    12.   This Order is entered solely for the purpose of facilitating the exchange of

10         document sand information between the parties to this action without involving

11         this Court unnecessarily in the process.  Except as provided in this Order, nothing

12         in this Order, nor the production of any information or document under the terms

13         of this Order, nor any proceeding pursuant of this Order, shall be deemed to have

14         th effect of an admission or waiver of objections or privileges by any party, or of

15         altering the confidentiality of any document of information ,m or altering any

16         existing right or obligation of any party or the absence thereof.

17   13.   This Order has no application to any document or information as to which a party

18         or his/her/its attorney claims is protected by the attorney-client privilege or the

19         attorney work product privilege and does not affect a waiver of any such privilege.

20   14.   This Order has no application to any non-privilege objection to the production of

21         any document of the disclosure of any information, such as one based on

22         relevancy.

23   15.   This Order shall survive the final termination of this action, to the extent that any

24         such Confidential Information is not or does not become known to the public and

25         this Court shall retain jurisdiction to resolve any dispute concerning the use of

26         information disclosed hereunder.

27   16.   Within ninety (90) days of the dismissal or entry of final judgement in this action,

28

_____
PROTECTIVE ORDER

which ever occurs first, each party who has received Confidential Information shall return to the party producing such Confidential Information all documents containing such Confidential Information and any and all copies thereof.  This includes all copies, in whatever form, of all depositions, responses to requests for production of documents, answers to interrogatories, and other discovery responses containing any such confidential information.  It also includes all notes, summaries, copies, abstracts, or other documents derived in full or in part from the documents and information so designated as :Confidential Information", except that if a party's attorney contends that any such note, summary, copy , abstract, or other document contains attorney work product such attorney may instead destroy such note, summary, copy, abstract, or other document and provide a declaration that sh/she has done so.

17. The Confidential Information to be returned or destroyed pursuant to ¶16 includes that which has been provided to experts or consultants and all notes, summaries, copies, abstracts, or other documents derived by the expert or consultant in full or in part from the Confidential Information.  It shall be the responsibility of the attorney who provided the Confidential Information to the expert or consultant to obtain the return of it, along with all the expert's or consultant's notes, summaries, copies, abstracts, or other documents derived in full or in part from the Confidential Information, from the expert or consultant in order to comply with the terms of ¶16.

DATED:  September 4, 2008

_Craig M. Kellison_
_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

PROTECTIVE ORDER