1  T. JAMES FISHER (State Bar No. 064079)
2  1721 Court Street
   P.O. Box 990460
3  Redding, California 96099-0460
   Telephone No. 530/244-0909
4  Facsimile No. 530/244-0923
   E-mail: fisherlawoffice@sbcglobal.net
5
6  Attorney for Plaintiff,
   **CLARENCE HAROLD WHITE III**
7
8
9              **UNITED STATES DISTRICT COURT**
10
       **EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**
11
12
13  CLARENCE HAROLD WHITE III,        CASE NO. 2:07-CV-00359-MCE-CMK
14                Plaintiff,
                                      **PLAINTIFF'S DISCLOSURE**
15         v.                         **OF EXPERTS PURSUANT TO**
                                      **RULE 26**
16  COUNTY OF SISKIYOU,
17  RICK RIGGINS, individually and
    as SHERIFF OF SISKIYOU COUNTY,
18  NATHAN MENDES, and DOES 1
    through 50, inclusive,
19
20                Defendants.
                            /
21
       Pursuant to Federal Rule of Court Procedure 26 (2) (A)(B) and (C), Plaintiff,
22
    **CLARENCE HAROLD WHITE III**, discloses and reserves the right to call the
23
    following named expert witnesses at the time of trial of the within action:
24
                           RETAINED EXPERTS
25
26       1.    **ROGER CLARK,** Police Procedures Consultant. Address: 10207
27  Molino Road, Santee, CA 92071. Phone no. 208/351-2459. Pursuant to Federal

28

T. JAMES FISHER
LAWYER
1721 COURT STREET
P.O. BOX 990460
REDDING, CA 96099-0460
(530) 244-0909

1
PLAINTIFF'S DISCLOSURE EXPERTS PURSUANT TO RULE 26

Case 2:07-cv-00359-MCE-CMK   Document 21   Filed 12/12/08   Page 2 of 46

Rule of Court 26 (2)(B), Mr. Clark's signed report along with his list of sworn testimony, CV, and fee schedule are marked herewith as **EXHIBIT A.**

Mr. Clark will be available for deposition upon notice from defendants pursuant to Federal Court Rules.

A retainer in the amount of $2,000.00 has been provided to Mr. Clark by Plaintiff.

It is not expected that any exhibits will be used as a summary of or in support of his opinion.

2.    **GARY MORAN, Ph.D.,** Biomechanical Analysis & Research. Address: 3225 Thompson Avenue, Alameda, CA 94501. Telephone no. 510/865-5984. Dr. Moran's signed report along with his CV, list of consultant cases, and fee schedule is attached hereto as **EXHIBIT B.**

Dr. Moran will be available for deposition upon notice from defendants pursuant to Federal Court Rules.

A retainer in the amount of $1,800.00 has been provided to Dr. Moran by Plaintiff.

It is not expected that any exhibits will be used as a summary of or in support of his opinion.

## NON-RETAINED EXPERTS

3.    Any and all examining, treating, and/or consulting health care providers from **FAIRCHILD MEDICAL CENTER,** 44 Bruce Street, Yreka, Ca 96097

4.    Any and all examining, treating, and/or consulting health care providers from **YREKA PHYSICAL THERAPY**, 205 Executive Court, Yreka, CA 96097, telephone no. 530/842-4381. Yreka Physical Therapy treated Plaintiff

PLAINTIFF'S DISCLOSURE EXPERTS PURSUANT TO RULE 26

T. JAMES FISHER
LAWYER
1721 COURT STREET
P.O. BOX 990460
REDDING, CA 96099-0460
(530) 244-0909

after his elbow surgery.

     5.    **WILFRED EASTMAN, M.D.**, 202 Lawrence Lane, Yreka, CA 96097.  Dr. Eastman is the orthopedic surgeon who treated Plaintiff for his elbow injury related to Complaint.

     6.    **STEVE PERLMAN, M.D.**, 1501 Oregon Street, Yreka, CA 96097, telephone no. 530/842-2062.  Dr. Perlman is the emergency room doctor who treated Plaintiff.

     7.    **MICHAEL JASUMBACK, M.D.** Mercy Medical Center, 2175 Rosaline Avenue, Redding, CA 96001.  Dr. Jasumback is the treating physician of Eugene White regarding a stab wound.  Eugene was allegedly stabbed by Clarence White.

///

DATED:  December 12, 2008

                                                        T. JAMES FISHER,
Attorney for Plaintiff,
**CLARENCE HAROLD WHITE III**

T. JAMES FISHER
LAWYER
1721 COURT STREET
P.O. BOX 990460
REDDING, CA 96099-0460
(530) 244-0909

WHITE v. COUNTY OF SISKIYOU, et al.                    Case No. 2:07-CV-00359-MCE-CMK

## PROOF OF SERVICE

I, the undersigned at Redding, California, certify to be true: I am a citizen of the United States and a resident of the County of Shasta; I am over the age of eighteen (18) and not a party to the within entitled action; my business address is 1721 Court Street, Redding, California; and on this date:

I served the within: **PLAINTIFF'S EXPERT DISCLOSURE**

__xx_      by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Redding, California, addressed as set forth below.

_____      by placing a copy enclosed in a sealed envelope and sending the same to the person addressed below by overnight Express Mail.

_____      by facsimile transmission to the person(s) at the number(s) set forth below; and thereafter placing a copy enclosed in a sealed envelope with postage thereon fully prepaid, in the Unites States Mail at Redding, California, addressed as set forth below.

Philip B. Price
PRICE & BROWN
P.O. Box 1420
Chico, CA  95927

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on __12/12/08__ at Redding, California.

JULIE BURKE

T. JAMES FISHER
LAWYER
1721 COURT STREET
P.O. BOX 990460
REDDING, CA 96099-0460
(530) 244-0909

# EXHIBIT A

**ROGER CLARK'S REPORT**

# Roger Clark

## Police Procedures Consultant, Inc.

10207 Molino Road.  Santee, CA 92071
Phone: (208) 351-2458,  Fax: (619) 258-0045
rclark9314@aol.com
December 12, 2008

Mr. T. James Fisher, Attorney at Law
1721 Court Street
Post Office Box 990460
Redding, CA 96099-0460

*Regarding:*   *Clarence Harold White III, v. County of Siskiyou, et al.  USDC Case No. 2:07-CV-00359 MCE-CMK.*

Dear Mr. Fisher:

Thank you for retaining me to analyze and render opinions regarding this case.  Pursuant to the requirements of Federal Rule 26, I have studied the reports, interviews, photographs and depositions provided to me thus far.  I am advised that key depositions in this case, which include Siskiyou County Undersheriff Michael Murphy, EMT Martha McLaughlin, EMT Roberta Corgiotti, and a second deposition of Sergeant David Lawrence Amaral (who performed the background on Deputy Mendes), have not been taken and are pending. I expect that a supplemental report will be necessary once they are provided for my review.

At the beginning of this report it must be noted that the facts proffered by the Plaintiff, Mr. Clarence White are different from those stated by Deputy Mendes.  Mr. White and a number of civilian witnesses describe a set of facts that include an illegal and unjustified beating by Deputy Mendes that caused significant injuries to Mr. White.  Deputy Mendes, on the other hand, has testified that Mr. White deliberately resisted a lawful arrest which resulted in a broken arm and a subsequent fall face down that caused facial injuries that required sutures to close.  The purpose of this report is not to establish the veracity of either set of facts, which will eventually fall upon a jury to decide.  However, taking the set of facts as proffered by Mr. White and other precipitant witnesses as true, my findings and the reasons for them thus far are set forth below:

Page 1 of 18

**Opinions:**

1. Siskiyou Deputy Sheriff Nathan Mendes, as a POST certified officer did not follow the tactical guidelines required from every Basic POST trained law enforcement officer in this incident. His actions included the deliberate decision to disregard the previous planning set forth by his direct supervisor and superior officer, Sergeant John Evans. Rather, he deliberately confronted Eugene White and Clarence White by himself while brother officers were only moments away. It is uncontested in the record that there was no necessity to do so. Deputy Mendes' failure to follow the required (and necessary) tactical procedures is directly connected to his use of force on Mr. White that occurred in this incident. Deputy Mendes' purposeful actions in this incident were so far below the basic professional standards (as trained by POST) that, in view of his documented training and field experience, they can only be viewed as deliberately reckless and dangerous.

2. Across the country police and sheriff departments for decades have recognized and trained their officers in ways to apprehend subjects in order to prevent injuries such as occurred in this case. These methods are well known and proven effective for the safety and welfare of both officers and the public. Deputy Mendes deliberately ignored these required methods and used none of these basic tactics. There is no evidence that since this incident he has been retrained, and there is nothing reflecting any new training or policies in the materials produced in this case. Without such, it was only a matter of time before additional tragic and unnecessary injuries or deaths would occur again. This, in fact occurred when he fatally shot Mr. Shawn Prado on July 9, 2007.

3. The use of force upon a handcuffed prisoner is per se forbidden by policy and law except under rare and extreme circumstances. Even taking Deputy Mendes' set of facts as true, there was no justification for his use of force on Mr. White while he was handcuffed.

4. Taking Mr. White's statements as true, Deputy Mendes' use of force in this case was cruel and unnecessary (as described by Mr. White

and Mr. Donahue and others). As such, it was a gross violation of policy and law (as taught by POST) and appears to have crossed the line to constitute violations of the California Penal Code (as taught by POST) including a violation of Section 149 – The Unlawful Assault by a Police Officer Under the Color of Authority.

5.     Deputy Mendes has a personal and employment history that should have precluded his employment in the Law Enforcement profession. This history was known, or should have been known, by hiring officials in the Siskiyou County Sheriff's Department who should have declined to employ him as a Deputy Sheriff.

6.     The obvious shortcomings and unresolved issues in this incident should have been apparent to the reviewers of this incident. That they were ignored indicates an effort by the Department to bend the evidence to a pre-determined conclusion that the use of force was justified and within policy and law. In actuality, the facts of this case are that the acts that occurred and the use of force that was used was never justified at any time during this incident. The fact that this occurred is reflective of a custom and practice within the Siskiyou County Sheriff's Department to look the other way rather than hold to their written and publically expressed policies and procedures and POST standards.

**Materials Studied:**

1.     Deposition transcripts as follows:

     a.     Sergeant David Lawrence Amaral (Siskiyou County), taken August 28, 2008.

     b.     Sergeant John Vincent Evans (Siskiyou County), taken August 28, 2008.

     c.     Reserve Deputy Fred Solus, (Siskiyou County) taken July 24, 2008

     d.     Sergeant Cory Persing, (Siskiyou County) taken July 25, 2008.

     e.     Mr. Dave Young (Senior Forensic Technician for Siskiyou County), taken July 25, 2008.

    f.       Lieutenant Randy Bigler (Siskiyou County), taken Friday, July 25, 2008.

    g.      Sheriff Rick Riggins (Siskiyou County), taken September 26, 2008.

    h.      Deputy Josh Tygart (Siskiyou County), taken July 3, 2008.

    i.       Sergeant Jeff Moser, (Siskiyou County) taken July 3, 2008.

    j.       Ms. Molly White, taken July 23, 2008.

    k.      Dr. Wilfred Eastman, Jr. M.D., taken August 29, 2008.

    l.       Mr. Eugene White, taken July 2, 2008.

    m.     Mr. Dennis Donahue, taken July 2, 2008.

    n.      Mr. Clarence White, taken July 23, 2008.

    o.      Dr. Steven Perlman, M.D., taken July 28, 2008.

    p.      Mr. Leif Hillman, taken July 23, 2008.

    q.      Mr. Michael Sterns, taken July 2, 2008.

    r.       Mr. Earl Crosby (EMT), taken July 2, 2008.

2.    Transcription of taped interviews conducted by Sgt. Evans in connection with his investigation of the case.

    a.      Mr. Earl Lewis Crosby, taken January 11, 2006.

    b.      Mr. Earl Lewis Crosby, taken April 21, 2006.

    c.      Mr. Dennis Ray Donahue, taken January 22, 2006.

    d.      Mr. Dennis Ray Donahue, taken January 26, 2006.

    e.      Mr. Dennis Ray Donahue, taken April 21, 2006.

    f.       Deputy Nathan Mendes, taken March 6, 2006.

    g.      Deputy Nathan Mendes, taken January 11, 2006 (at the scene).

    h.      Mr. Michael Stearns, taken April 21, 2006.

    i.       Mr. Michael Stearns (second tape), taken April 21, 2006.

3.    Discovery as Follows:

    a.      Request for Production of Documents (Set No. One), Including arrest warrant and full investigative report.

    b.      Request for Production of Documents (Set No. Two), background information on Plaintiff.

    c.      Request for Production of Documents (Set No. Four) brief supplemental report by Detective Amaral.

d.     Plaintiff's Response to Defendant's Interrogatories (Set No. One).

e.     Plaintiff's Response to Request for Production (Set No. One).

f.     Plaintiff's Response to Defendant's Interrogatories (Set No. Two).

g.     Defendant's Supplemental Response to Request for Production of Documents (Set No. Two).

4.     Transcript of Internal Affairs Investigation in connection with this incident dated April 20, 2006.

5.     Defendant Mendes' complete background investigation file.

6.     Defendant Mendes' videotaped deposition (three separate discs).

7.     Disc of photos of the handheld radio represented to be the one used in the subject incident without the cord and microphone.

8.     Various local newspaper articles concerning Defendant Mendes.

9.     Additional photos produced in connection with the criminal case of Plaintiff White at the Fairchild Medical Center in Yreka.

10.     Dr. Oas' report dated November 22, 2005 (Dr. Oas did the psych evaluation on Defendant Mendes when he was hired at the Siskiyou County DA's office.).

11.     Private Investigator Mel Fechter's investigation statements taken of Michael Sterns, Eugene White, Molly White, and Earl Crosby.

12.     Investigative Report in connection with December 31, 2005 incident between Plaintiff, his brother and Defendant Mendes.

13.     Plaintiff's (Clarence White) arrest record.

14.     Complaint letter by Plaintiff's sister, Molly White that apparently resulted in the IA investigation.

Page 5 of 18

15. Complete copy of photos that were produced in connection with discovery both reflecting Plaintiff's injuries and various photos taken at different times at the scene of the subject incident.

16. Medical file including Plaintiff's records at Siskiyou County Jail, Fairchild Medical Center, North Coast EMS, Orleans' Volunteer Fire Department and Dr. Eastman.

17. Policies and Procedures for Siskiyou County regarding recruitment, selection, and use of force.

18. POST Learning Domain # 1, "Leadership, Professionalism, and Ethics."

19. POST Learning Domain # 2, "Criminal Justice System."

20. POST Learning Domain #3, "Policing in the Community."

21. POST Learning Domain # 20, "Use of Force."

22. POST Learning Domain # 21, "Patrol Techniques."

23.. POST Learning Domain # 33, "Arrest Methods/Defensive Tactics."

24. POST Learning Domain #35: "Firearms/Chemical Agents."

25. "Police Officer Characteristics and the Likelihood of Using Deadly Force" Journal: Criminal Justice and Behavior Volume:35, Issue:4, Dated: April 2008, Pages:505 to 521.  Author(s): James P. McElvain and Augustine J. Kposowa.

26. Maps and Satellite views of the shooting scene.


## Overview of Events:

On December 31, 2006 (New Year's Eve), Deputy Mendes was on patrol in the Somes Bar area of Siskiyou County returning to his residence at Oak Bottom.  He came across a fight in the roadway occurring between two brothers, Clarence and Eugene White. Deputy Mendes determined that Clarence was the aggressor and had used a knife to stab

Eugene. When he tried to arrest Clarence, Eugene intervened which allowed Clarence to flee the scene on foot. After a search of the area, Clarence could not be located that evening. Eugene was subsequently transported to a hospital and treated for what turned out to be a superficial stab wound and was released from the hospital. Pursuant to the incident, Deputy Mendes obtained Ramey Warrants on January 10, 2006 for the arrest of Eugene White for interfering and Clarence White for the stabbing and his flight from the scene.

Deputy Mendes has testified that his Supervisor, Sergeant John Evens laid out a tactical plan to arrest the White brothers pursuant to the warrants. Sergeant Evens' plan included the use of back-up officers, including a Canine, on the January 12th or 13th when the Canine unit would be available. It must be noted here that the White family, including the two brothers (Eugene and Clarence), were an established and well known family in the area. Their residence was well known and, despite the fact that Clarence had fled the scene during the stabbing incident, he and Eugene could easily be located and arrested. Deputy Mendes, who lived in the immediate area was aware of these facts.

On January 11, 2006, Deputy Mendes received information that Clarence and Eugene were observed in a vehicle on Highway 96 near the Humboldt County line. Shortly after, Deputy Mendes was requested to locate a speeding motorist who had sped past a local Elementary School. As Deputy Mendes pursued the motorist, he drove by and observed Clarence and Eugene with their disabled Camero approximately two miles into Humboldt County on Highway 96. Deputy Mendes did not stop at that time and continued on Highway 96, located the speeding motorist, and gave him a warning. Thus, Deputy Mendes clearly did not think that locating the White brothers at a future time would be a problem. Only after conducting his traffic stop, Deputy Mendes chose to return to the scene alone.

It is significant to note that Deputy Mendes has testified that he deliberately decided to return alone rather than await for back-up units (who were reasonablely close by). As a POST certified officer, he knew that he was acting contrary to the fundamental tactical procedures taught to him at his Basic Academy (POST Learning Domain # 21, "Patrol Techniques."), and the plans at set forth by Sergeant Evans. Deputy Mendes was trained never to engage in an arrest situation – especially in a one on two situation – without at least one (or more) back up or "cover" officer(s) to assist him. These officers were reasonably close at hand and neither Deputy Mendes nor his supervisor (Sergeant Adams) felt that any exigency existed to necessitate an immediate solo approach.

Deputy Mendes' immature and reckless decision to engage the White brothers alone for the purpose of an arrest by himself in this instance cannot be overstated. POST training

has identified such behavior as "Fatal Error" that will ultimately result in unnecessary and needless injury or death to either officer or the public. The POST training in this regard is as follows:

> **"Fatal Error**
>
> **Inappropriate attitude.**
> - Careless or complacent.
> - Overconfident.
> - Too aggressive
>
> **"Tombstone courage"**
> - Overly anxious to show one's own courage.
> - Attempting to handle dangerous situations beyond one's ability.
>
> **Poor or no planning**
> - Rushing into the situation without any plan of action.
> - Failure to establish a plan of action prior to engaging the suspect.
> - Not considering alternative actions". (POST Learning Domain # 21: "Patrol Techniques," page 1-21).

Deputy Mendes has further testified that he returned alone to the scene with the specific intention to arrest Clarence and Eugene White. He located them on Highway 96 pushing their disabled Camero down the road. He parked his vehicle facing the Camero and approached them. Eugene left the Camero and approached, offering to shake Deputy Mendes' hand and stating he wanted to apologize for the previous incident. Deputy Mendes testified that he announced to both brothers that he was not going to make an arrest. However, when he got close enough to Clarence, he suddenly grabbed him with the intention of placing him into handcuffs.

Deputy Mendes testified that Clarence resisted arrest by pulling away. I have noted that Deputy Mendes has testified that Clarence never, at any time struck at him while on the roadway, and that his entire alleged actions were simply resisting the handcuffing process. Deputy Mendes further testified that he used his OC spray to subdue Clarence, and when it did not work, he took him face down to the ground, grappled with him and, while trying to bring an arm into the handcuffing position, heard a crunching noise indicating that he had broken Clarence's arm.

Mr. Clarence's testimony in this regard is significantly different from that of Deputy Mendes as follows:

> Q.   So did he stop?
>
> A.   Yeah. Pulled right up close to the Camero.
>
> Q.   And did he get out of his vehicle?
>
> A.   Yes, he did.
>
> Q.   And you and Gene were out of your vehicle?
>
> A.   Yes.
>
> Q.   And what did he first say?
>
> A.   First of all he didn't say nothing. Got out of his rig and started coming towards us. My brother Gene was about ten feet in front of him, wanted to apologize. He pushed my brother away and said, "My problem is not with you." He shoved my brother out of the way and came right towards me. *I wasn't going to resist arrest or anything. Then he grabbed me, flipped me around and grabbed me by the hair and back somewhere and started banging my head on my Camaro. And flipped me around, he was hitting me.* Some point he pepper sprayed me a bunch, I couldn't see. And then he grabbed me by my crotch and my hair and lifted me up and threw me down and body slammed me. That's when I lost control of my body functions and pissed and shit myself and couldn't breathe. *Then he says he was arresting me.*
>
> Q.   Okay.
>
> A.   I was about half dead.
>
> Q.   He told you he was arresting you then?
>
> A.   Yeah. I knew I was going to be arrested. I wasn't putting up a fight. *Until he started beating on me. Then I started fearing for my life.*

Page 9 of 18

Q.   And while you were on the ground, was he trying to handcuff you?

A.   Yes.

Q.   Were you trying to resist his handcuffing you?

A.   Yeah.  He started getting brutal with me from after slamming
     my face on my Camaro.  He had one handcuff on me and I was
     on the ground and I had my arm underneath me and he was
     trying to pull it out.  He pulled it out.  When he pulled it out,
     that's when *I heard a snap*.  Then he handcuffed me and --

Q.   So that's when you broke your arm?

A.   That's when he broke my arm. (Deposition, pages 14-15.
     Emphasis added.)

At this point in time, Mr. Earl Crosby, an employee of the Karuk Tribe and an
EMT, who was driving on Highway 96 to get fuel, arrived at the scene.  Mr.
Crosby observed Mr. White being slammed into the patrol car by Deputy Mendes
and taken to the ground.  He also observed Deputy Mendes draw his gun and point
it at Eugene White, who did not appear to be aggressive, but rather pleading for
his brother.  After, Clarence got to his feet, Mr. Crosby offered to get his first aid
kit and clean Clarence's face, which he did.  Mr. Crosby is very clear as to the
extent and type of injuries sustained by Clarence at that time.  The injuries are
described as a small cut on the right side of his forehead, lots of mud, and "snot"
running out of his nose.  Thus, to any investigator of the facts, Mr. Crosby appears
a significant independent and reliable witness as to Clarence's physical condition
and the extent of his injuries prior to running down the roadway.

After being cleaned up, Clarence was left standing by the vehicle with his hands
cuffed behind his back.  While Deputy Mendes had his back turned, Clarence,
while handcuffed behind his back, started to run down the road.  He got about 15
yards away from the vehicle when Deputy Mendes took notice and started after
him.

All parties agree that Clarence ran a short distance along the road and then turned
to his left and went over the side of the roadway and onto the sloped embankment.
This occurred next to a trailer occupied by Mr. Dennis Donahue.  Mr. Donahue has
testified that he observed everything that occurred once Clarence left the roadway
and started down the embankment.

Page 10 of 18

Deputy Mendes stated in his interview with Sergeant Evans taken just after the incident that he observed Clarence to fall face forward on the ground as he ran down the embankment. When he approached to regain custody of Clarence, he (Clarence) rolled over and kicked at him(Deputy Mendes). In response, he struck at Clarence's shins and legs with his handheld radio until Clarence stopped, and was taken to his feet. Deputy Mendes denies any excessive force occurred.

However, both Mr. Donahue and Clarence have testified that Clarence never fell to the ground. Rather, when Deputy Mendes caught up to Clarence, he struck him numerous times about the head with his hand held radio causing two deep and bleeding lacerations along with other injuries caused by a furious beating. The beating continued while Clarence fell on his back with Deputy Mendes over him.

Mr. Donahue testified that upon observing the beating, he ran outside his trailer and shouted to Deputy Mendes that he saw what he was doing, and to stop. Mr. Donahue further testified that Deputy Mendes stopped, looked around, and upon seeing Mr. Donahue, stated: "You didn't see anything."

To any police investigator of the facts, the testimony of Mr. Donahue is dark and troubling. When Deputy Mendes was confronted with the testimony, he alleged that Mr. Donahue was lying about what he saw.

However, there can be no question that Clarence suffered significant injuries between the time he ran down the roadway and was returned to the original location of his arrest on highway 96. These injuries are documented in photographs and statements of witnesses.

While Clarence and Deputy Mendes were down the embankment, Reserve Deputy Fred Solus, who was off duty as an officer but on duty as a County Road employee, arrived at the scene per a radioed request for back-up by Deputy Mendes. When he arrived, Mr. Crosby and Eugene had left the scene. Sergeant Evans, and others arrived shortly thereafter – indicative of the close proximity of assistance if only Deputy Mendes had followed his basic training.

As a Detective, Detective Bureau Commander and Police Administrator, it is my opinion that the Chain of Command within the Siskiyou County Sheriff's Department looked the other way in the face of the gross immaturity and lack of judgement by Deputy Mendes, the testimony of civilian witnesses (particularly Mr. Donahue and Mr. Crosby), and the physical evidence indicating unnecessary and excessive force

actually occurred. I can see no competent attempt to resolve the serious differences between the set of facts stated by Deputy Mendes and those stated by Clarence and other witnesses. The adage is: "If you don't want the answer – don't ask the question." In my opinion, Sergeant Evans' IA report does not resolve the serious issues raised in this incident.

> "Peace officers must recognize the consequences of using unreasonable force, and their legal and ethical responsibilities to intervene if the force being used by another peace officer is inappropriate or unlawful." (POST Learning Domain #20, Chapter 6)

Early on in the POST Basic Academy, the seriousness of the unique powers imbued on Law Enforcement Officers is stressed with the required responsibility they have to use them with "great care". It is clear that there is no room for unprofessional, immature and/or hot-headed individuals in the law enforcement profession. This is best expressed in Learning Domain # 2: "Criminal Justice System:"

> "The criminal justice system gives law enforcement two extraordinary powers:
>
> 1.  The power of arrest and
> 2.  The power to use deadly force.
>
> The authority to do so does not come from the rule of an authoritarian dictator. Rather it comes from the will and consent of the people who *put their trust in law enforcement to use that power with the utmost of care and restraint*. This is why it is important to emphasize that peace officers do not confer "police powers" on themselves. These powers come to the criminal justice system from the people they serve." (Learning Domain #2: "Criminal Justice System," page 1-4. Emphasis added.)

Competent police officers are also trained at the POST Basic Academy that the totality of the circumstances are an important aspect in the decision to use deadly force and that California law requires that the use of force must meet an "Objectively Reasonable" standard. The following quotes typify the training:

> "A reasonable officer is defined as an officer with similar training, experience, and background in a similar set of circumstances, who will react

in a similar manner." "Unreasonable force occurs when the type, degree and duration of force employed was not necessary or appropriate."(Learning Domain #20: "Introduction to the Use of Force," page 1-4.)

Additionally, an entire chapter in POST Learning Domain #20 is devoted to the "Consequences of Unreasonable Force." Cruelty and malicious assaults are absolutely forbidden:

> "**Unreasonable force** occurs when the type, degree and duration of force employed was not necessary or appropriate."

> "Malicious assaults and batteries committed by peace officers constitute unlawful conduct. When the force used is unreasonable, the officer can face criminal and civil liability, and agency disciplinary action." (Learning Domain #20, page 6-4.)

I have noted that Deputy Mendes had admitted in his deposition testimony a significant number of violations of law, errors of judgement and other factors that, in my opinion should have precluded his employment as a Law Enforcement Officer. They include:

- A felony arrest for Assault With a Deadly Weapon in Washington DC when he was 19 years old (kicked his victim in the head during a fight). Per his testimony, He was allowed to plead guilty to an Misdemeanor as a juvenile. This would have been an adult conviction under California Law.

- An arrest for common drunk in public in Kentucky in 1999.

- Admitted to smoking Marijuana in 1999.

- Admitted to using Cocaine in 1995.

- Admitted to conflicts with his Lassen County Sergeant and some coworkers while on that department.

- His application to the Washington DC Police Department was declined.

- His application to the Oakland Police Department was declined.

Page 13 of 18

- His application to the Contra Costa Sheriff's Department was declined.

- He was involved in an alcohol related disturbance during a party quelled by Susanville Police Department in 2004.

- He was the subject of a child abuse investigation by Child Welfare as reported by his mother in law.

I was a retained expert in the matter of Rhonda Basler et al., v. City of Susanville, et al., USDC Case No. 2:06 CV-01813 LKK-GGH. The facts of that case involved the July 25, 2005 shooting death of Mr. James D. Basler by Nathan Mendes, who was employed at the time as a Lassen County Deputy Sheriff. The case settled before going to trial. In my study of the facts, in my report and in my deposition testimony, I expressed serious concerns at that time regarding Deputy Mendes' fitness for duty as a Law Enforcement Officer. My review of the facts in this case only reinforce those same opinions and concerns regarding his fitness for duty.

The same year of the Basler Shooting (2005), Deputy Mendes applied to Siskiyou County and was hired. During his employment at Siskiyou County, he has been involved in this major beating incident and the subsequent shooting death of Mr. Shawn Prado on July 9, 2007.

It appears that the Siskiyou County background investigation into Deputy Mendes before he was hired was seriously flawed and did not sufficiently disclose his propensity to use excessive force, or his lack of good judgement and maturity. Including an adequate review of the facts regarding the shooting of Mr. Basler. Depositions are pending on these issues and will require my review before further comment.

## My Qualifications for Reviewing this Case:

My opinions are based in part on my training, professional experience and education. I am a twenty-seven year veteran of the Los Angeles County Sheriffs Department (LASD). I was hired on December 1, 1965, and I retired from active service on March 31, 1993. My career included six years at the rank of Deputy Sheriff, six years as a Sergeant, and fifteen years as a Lieutenant. I retired holding a California Peace Officer Standards and Training (POST) Advanced Certificate, and I am a graduate of the POST Command College (class #5).

During the course of my service with the department, I had a wide range of duties. Those duties included an 18 month assignment as a staff jail deputy and two years as an Administrator/ Lieutenant in the same jail facility (Men's Central Jail). I also served on the department as a patrol officer, field supervisor, jail watch commander and administrator, station watch commander and commanding officer of investigative units. I was a field training officer while assigned as a patrol deputy, and I trained new officers in POST and department approved patrol procedures, field investigations, apprehension techniques, and emergency procedures.

I was a Station Detective and, as such, reviewed and assessed cases passed on to me by the patrol officers. Those cases included possible complaints relating to both misdemeanor and felony crimes. They frequently required follow-up investigations and interviews before the exact nature of the case could be determined. As a field officer and detective, I was trained in interview and interrogation methods and subsequently trained other officers.

Among other assignments as a Sergeant, I supervised field officers and station detectives as they took complaints and conducted preliminary investigations regarding criminal and administrative matters.

As a Sergeant and as a Lieutenant, I served on the training staff of the Los Angeles County Sheriffs Department's Patrol School which taught the POST accepted patrol tactics, and investigation and apprehension methods.

As a Watch Commander and as a Lieutenant, I responded to, investigated, and reported on the use of force and officer involved shootings. I was also assigned by my Department to sit as a member of Departmental review committees regarding the reasonable or unreasonable use of force and tactics.

As stated above, during my career I was assigned to the Los Angeles County Men's Central Jail (MCJ) for a period of 18 months as a line officer. Upon my subsequent promotion to Lieutenant, I returned to the same facility approximately 10 years later. During that time I was assigned as a Jail Watch Commander, and as the Facility Training and Logistics Administrator. At the time of my assignment, the MCJ held a daily population in excess of 7,000 inmates, including a hospital, which was serviced by a staff of more than 900 sworn and civilian personnel.

During my assignment as the Administrative Lieutenant of the Department's Reserve Forces Bureau, I worked closely with the State of California Peace Officer Standards and Training in revamping our Reserve Academy to bring it into state compliance. This process gave me an expertise in the POST Basic curriculum. I also supervised the training of cadets at our Reserve Training Academy. They were taught proper investigation, interview, and apprehension procedures. Among other topics, I lectured the Reserve Academy on the POST syllabus: "The Legal and Moral Use of Force and Firearms."

During the last five and one-half years of my career, I commanded a specialized unit known as the North Regional Surveillance and Apprehension Team (N.O.R.S.A.T.), which was created to investigate, locate, observe and arrest major (career) criminals. I held this position until my retirement from the Department on March 31, 1993. Criminals investigated and arrested by N.O.R.S.A.T. included suspects involved with homicide, robbery, kidnaping, extortion, burglary, major narcotics violations and police corruption. The majority of our cases were homicide cases, including the murder of police officers. Arrests frequently occurred in dynamic circumstances including crimes in progress.

My unit also conducted major narcotics investigations including undercover narcotics buys, buy-busts, and reverse stings. We frequently deployed at the request of investigative units, such as Narcotics, which provided the initial investigative leads for our operations. These narcotics cases usually involved multiple kilogram quantities of drugs and amounts of money ranging from one hundred thousand to more than one million dollars.

Approximately 80% of cases assigned to N.O.R.S.A.T. were active Homicide investigations. In that regard, the unit processed under my command and supervision, various aspects (depending on the complexity of the cases involved) of approximately 1,000 Homicides ranging from deaths of police officers to serial homicide suspects. Additionally, the majority of the 380 cases for which I have been retained as a consultant (since 1993) have involved injuries or deaths connected with some aspect of force during either apprehension or while in police custody.

During the first three months of my command of N.O.R.S.A.T., the unit had three justifiable shooting incidents. From that time, and over the next five years of my command, N.O.R.S.A.T. established a remarkable record of more than two

thousand arrests of career criminals without a single shot fired – either by my officers or by the suspects whom we arrested.

Many of these suspects were armed and considered to be very dangerous. Some were apprehended during the course of their crimes and were very prone to use firearms to escape apprehension.

This record of excellence was accomplished through the use of proper tactics, management and supervision of personnel, training in correct apprehension methods and adherence to the moral and ethical standards endorsed by California POST and my Department. These methods and principles are also embraced by every state training commission of which I am aware, as well as the national standards established by the U.S. Department of Justice.

As a result of.my position and record as the commanding officer of N.O.R.S.A.T., I was assigned to author Field Operations Directive 89-3, "Tactical Operations Involving Detective Personnel." This order remains in force today, without change, and includes the basic standards and considerations with which investigative officers must comply in the event of a tactical deployment such as the dynamic entry into a building for the purpose of an arrest and/or seizure of evidence.

Since my retirement, I have testified as an expert in both civil and criminal cases on police administration, police procedures, police tactics, police investigative procedures, basic evidence evaluation and shooting scene reconstruction, jail procedures and jail administration, in Arizona State Courts, California Courts, Washington State Courts and Federal Courts in California, Texas, Colorado, Illinois, Indiana, Pennsylvania, and Washington. I have also submitted written opinions in matters before Alaska, Idaho, Montana, North Carolina, Oregon and Wyoming Federal and State Courts.

I have testified before the Los Angles Police Department Board of Rights. I have testified before the Harris County (Texas) Grand Jury. I was selected (January 20, 2007) to present on the Topic of "Police Experts" at the National Police Accountability Project held at Loyola Law School, Los Angeles, California. I have worked on projects with the Paso Del Norte (El Paso, Texas) Civil Rights Project, and the Texas Civil Rights Project (Austin, Texas). I have been recognized and quoted by the United States Court of Appeals for the Ninth Circuit as an expert in Police Administration and Use of Force (Gary Blankenhorn v. City of Orange, et al. No. 04-55938, D.C. No. CV-02-01160-GLT Opinion).

Page 17 of 18

I have been found competent by both Federal and State Courts to render opinions as to the duties and responsibilities of police officers regarding their individual and collective responsibilities as occurred in this case.  A number of my cases have involved law enforcement officers as civil plaintiffs and as criminal defendants.  A complete listing of my expert testimony on all matters since January 2000 is attached to this report as Exhibit C.

Please be advised that this report reflects my preliminary opinions and analysis.  I am sure that I will have to submit a supplemental report then the other depositions ate taken and submitted for my review.

Attached as Exhibit A is a statement listing my law enforcement qualifications and experience; Exhibit B is my fee schedule; Exhibit C is a listing of matters in which I have testified in the last four years as an expert.

I declare under penalty of perjury that the foregoing is true and correct.
Executed December 12, 2008, at Santee, California.


Roger A. Clark

# ROGER CLARK'S LIST OF SWORN TESTIMONY

# Roger Clark

Police Procedures Consultant, Inc.
10207 Molino Road. Santee, CA 92071
Phone: (208) 351-2458, Fax: (619) 258-0045
rclark9314@aol.com

## LIST OF SWORN TESTIMONY
### January 23, 2000 to August 18, 2008
(Revised August 19, 2008)

1.   **Deposition**: January 23, 2000: Kenneth Oberfelder v. City of Petaluma. USDC, C98 1470 – MPH (pr).
     Client Attorney:
     Ms. Jo Saxe Levy, Attorney at Law, Crosby, Heafey, Roach & May, Two Embarcadero Center, Suite 2000, P.O. Box 7936, San Francisco, CA. 94120-7936. Phone: (415) 659-5971.

2.   **Deposition**: March 1, 2000: Trina Fowler v. City of Fresno. USDC, CVF98 5739 – AWl SMS.
     Client Attorney:
     Mr. Moses O. Onyejekwe, Attorney at Law. 3255 Wilshire Blvd., Suite 1032. Los Angeles, CA. 90010. Phone: (213) 487-7260.

3.   **Deposition**: April 20, 2000, Oday Mounsaveng v. City of Fresno. USDC, CVF98 6078 AWL SMS.
     Client Attorney:
     Mr. Rodolfo Bunagan, Attorney at Law, 17100 Pioneer Blvd. Suite 241. Artesia, CA.90701. Phone: (562) 924-6828.

4.   **Trial:** September 18, 2000, Trina Fowler v. City of Fresno. USDC, CVF98 – 5739 – AWl SMS.
     Client Attorneys:
     Mr. Moses O. Onyejekwe, Attorney at Law. 3255 Wilshire Blvd. Suite 1032. Los Angeles, CA. 90010. Phone: (213) 487-7260, and
     Mr. Jorge Gonzalez, Attorney at Law. 111½ North Avenue 56. Los Angeles, CA 90042. Phone: (323) 258-4329.

-1-

5.   **Deposition** (telephonic):  December 19, 2000, Rosborough v. City of Fife.  Superior Court, State of Washington (Pierce County), 99 – 2 – 09011 – 5.
Client Attorney:
Mr. Brett Purtzer, Attorney at Law. 1008 South Yakima. Tacoma, WA. 98405.  Phone: (253) 272-2157.


6.   **Deposition**:  March 15, 2001, Francis Sanchez v. City of Los Angeles.  Superior Court, State of California (Los Angeles County), VNO – 0376715.
Client Attorneys:
Mr. Gary Casselman, Attorney at Law. Law Offices of Gary S. Casselman. 3415 South Sepulveda Blvd., Suite 370, Los Angeles, CA 90034. Phone: (310) 390-4406.
Mr. Johnny Cochran, Attorney at Law. Cochran, Cheny, Givens, Smith & Ferrer. 4929 Wilshire Blvd. Suite 1010. Los Angeles, CA. 90010.  Phone: (323) 931-6200.


7.   **Trial**:  March 19, 2001, Oday Mounsaveng v. City of Fresno.  USDC, CVF98 – 6078 – AWL SMS.
Client Attorneys:
Mr. Rodolfo Bunagan, Attorney at Law, 17100 Pioneer Blvd. Suite 241. Artesia, CA. 90701. Phone:  (562) 924-6828.
Mr. Alex Castle, Attorney at Law. 1600 Ventura Blvd. Suite 1208. Encino, CA 91436.  Phone: (818) 995-1422.


8.   **Trial**:  May 2, 2001, Kenneth Oberfelder v. City of Petaluma.  USDC, C98 – 1470 –  MPH (pr).
Client Attorney:
Ms. Jo Saxe Levy, Attorney at Law. Crosby, Heafey, Roach & May. Two Embarcadero Center Suite 2000. P.O. Box 7936. San Francisco, CA. 94120-7936. Phone: (415) 659-5971.


9.   **Deposition**:  May 10, 2001, Hossein Bouzari and Antonio Wooten v. County of Los Angeles, et al.  USDC, CV98 – 9953  CM (CWX).
Client Attorney:
Mr. Etan Lorant, Attorney at Law. 16530 Ventura Blvd. Suite 211. Encino, CA 91436. Phone: (818) 990-3992.


10.  **Trial**:  June 28, 2001, Santos v. County of Los Angeles.  Superior Court, State of California (Los Angeles County), TCO – 12088.
Client Attorney:
Mr. Michael A. Smith, Attorney at Law. 323 East Foothill Blvd. Suite D. Arcadia, CA 91006. Phone: (626) 357-1177.

11. **Deposition:** August 22, 2001, Mario Paz v. City of El Monte, et al. USDC, CV 00 – 01001 RSWL (Shx).
Client Attorney:
Cochran, Cherry, Givens & Smith, P.C. 4929 Wilshire Blvd. Suite 1010, Los Angeles, CA. 90010.  Phone: (323) 931-6200.

12. **Deposition:** November 8, 2001,  Clarissa Rily, v. City of El Monte.  USDC, CV – 00 – 713 – DI (JWJx).
Client Attorneys:
Mr. Tristan R. Pico, The Walton Building, 2001 Financial Way, Suite 101, Glendora, CA 91741-4602.  Phone: (626) 852-2644.
Mr. Karl W. Schoth, The Walton Building, 2001 East Financial Way, Suite 101, Glendora, CA 91741-4602.  Phone: (626) 963-7161.

13. **Deposition:** January 18, 2002, The Estate of Robert Anthony Burns, et al. v.  City of Los Angeles, et al.  USDC, EDCV 00 – 05964 LGB (Ex).
Client Attorney:
Mr. Jorge Gonzalez, Attorney at Law, 111½ North Avenue 56, Los Angeles, CA.,90042.  Phone: (323) 258- 4392.

14. **Deposition:** January 28, 2002,  Estate of Stanley D. Chambers v. Paul G. Strozewski, et al. State of Washington Superior Court (Pierce County) Case No. 98 – 2 – 10485 – 1. Client Attorney:
Mr. L. Michael Golden, Attorney at Law, The Law Offices of Monte E. Hester, Inc., P.S., 1008 South Yakima Avenue Suite 302, lacoma, WA., 98405. Phone: (253) 272-2157.

15. **Deposition:** January 28, 2002, George Phillips, a single person v. The City of Tacoma et al. State of Washington Superior Court (Pierce County) Case No. 97 – 2 – 10893 – 0. Client Attorney:
Mr. L. Michael Golden, Attorney at Law, The Law Offices of Monte E. Hester, Inc., P.S., 1008 South Yakima Avenue Suite 302, Tacoma, WA., 98405.  Phone: (253) 272-2157.

16. **Deposition:** February 18, 2002, James Johnson III v. County of Los Angeles, et al.  USDC Case No. 00 – 9687 GHK (CWX)
Client Attorney:
Ms Vicki I. Sarmiento, Attorney at Law, 153 East Walnut Suite B, Pasadena, CA, 91103.  Phone: (626) 793-1171.

-3-

17.   **Deposition**:  February 21, 2002, Jonathan Smith v. The City of San Bernardino, et al. USDC
      Case No. 99 – 1990 GAP (Clx).
      Client Attorney:
      Mr. Michael A. Smith, Attorney at Law, 323 East Foothill Blvd. Suite D, Arcadia, CA, 91006.
      Phone: (626) 357-1177.


18.   **Trial**:  April 16, 2002,  George Phillips a single person, v. City of Tacoma, et al. Superior Court
      (Pierce County), State of Washington Case No. 97 – 2 – 10893 – 0.
      Client Attorney:
      Mr. L. Michael Golden, Attorney at Law, The Law Offices of Monte E. Hester, Inc., P.S., 1008
      South Yakima Avenue Suite 302, Tacoma, WA., 98405.  Phone:  (253) 272-2157.


19.   **Los Angeles Police Department Board of Rights Hearing**:  May 7, 2002,. RE: George Bowens
      #34043, & Rydale Jeter #305 13. B.F. NO: 20370, C.F. NO: 00 – 4565
      Client Attorney:
      Mr. Etan Z. Lorant, Attorney at Law. 16530 Ventura Blvd. Suite 211. Encino, CA 91436.  Phone:
      (818) 990-3992.


20.   **Trial**:  May 14, 2002,  Estate of Stanley D. Chambers v. Paul G. Strozewski, et al.  State of
      Washington Superior Court (Pierce County) Case No. 98 – 2 –  10485 – 1.
      Client Attorney:
      Mr. Brett A. Purtzer, Attorney at Law, The Law Offices of Monte E. Hester, Inc., P.S., 1008
      South Yakima Avenue Suite 302, Tacoma, WA., 98405.  Phone: (253) 272-2157.


21.   **Deposition**:  May 23, 2002, Rosborough v. City of Fife, Superior Court, State of Washington
      (Pierce County), 99 – 2 – 09011 – 5.
      Client Attorney:
      Mr. Brett A. Purtzer, Attorney at Law, The Law Offices of Monte E. Hester, Inc., P.S., 1008
      South Yakima Avenue Suite 302, Tacoma, WA., 98405.  Phone: (253) 272-2157.


22.   **Trial**:  June 6, 2002, Jonathan Smith v. The City of San Bernardino, et al.  USDC Case No. 99 –
      1990 GM (CTx).
      Client Attorney:
      Mr. Michael A. Smith, Attorney at Law, 323 East Foothill Blvd. Suite D, Arcadia, CA., 91006.
      Phone: (626) 357-1177.

23. **Deposition**: June 17, 2002, Donna Albert, et al. v. the City of Lodi, et al.  USDC ED  Cal. Case No. CIV. 5 – 00 – 2752 LKK PAN.
Client Attorney:
Mr. John Burton, Esq. Law Offices of John Burton, 414 South Marengo Avenue, Pasadena, CA 91101.  Phone: (626)449-8300.

24. **Deposition**:  September 6, 2002, Melissa Schneider v. City of Los Angeles, et al. Superior Court, State of California (Los Angeles County), BC 247618
Client Attorney:
Grassini & Wrinkle, 20750 Ventura Blvd. Suite 221, Woodland Hills, CA  91364..  Phone: (818) 348-1717.

25. **Trial**: September 13, 2002, Trial, Clarissa Rily, v. City of El Monte. USDC, CV – 00 –  713 – DI (JWJx).
Client Attorneys:
Mr. Tristan R. Pico, The Walton Building, 2001 Financial Way, Suite 101, Glendora, CA 91741-4602.  Phone: (626) 852-2644.
Mr. Karl W. Schoth, The Walton Building, 2001 East Financial Way, Suite 101, Glendora, CA 91741-4602.  Phone: (626) 963-7161.

26. **Deposition**:  September 24, 2002, Joseph D. Ogunrmu v. County of San Bernardino, et al. Superior Court, State of California (San Bernardino County), Case # SCVSS 81279.
Client Attorney:
Mr. Wole Akinyemi, 6066 Vera Street, Riverside, CA 92504.  Phone:  (909) 354-6813.

27. **Deposition**:  October 10, 2002, Robert Carter v. County of Orange. Superior Court, State of California (Orange County), Case # 01CC02437.
Client Attorney:
Ms Vicki Sarmiento, Attorney at Law, The Law Offices of Vicki Sarmiento, 153 East Walnut Street, Suite B, Pasadena, CA 91103-3836.  Phone: (626) 793-1171.

28. **Deposition**: November 11, 2002, Deposition, Robert E. Hammond, v. City of Long Beach, et al. USDC Case # CV 01 – Q6091 – DDP (Mcx).
Client Attorney:
Mr. Daniel M. Graham, Attorney at Law, 23720 Arlington Ave. Suite #8, Torrance, CA 90501.  Phone: (310) 539-1762.

29.  **Deposition**: November 14, 2002, Jerry D. Nilsson, M.D. v. City of Anaheim, USDC Case No 01
     – 2972 WJR (Mcx).
     Client Attorney:
     Mr. Gary Casselman, Attorney at Law. Law Offices of Gary S. Casselman. 3415 South
     Sepulveda Blvd., Suite 370, Los Angeles, CA 90034.  Phone: (310) 390-4406.

30.  **Deposition:** January 31 9, 2003,  James C. Novak  v. City of West Covina,  Superior Court,
     State of California (Los Angeles County), Case # KC038001.
     Client Attorney:
     Mr. Robert Mann, Attorney at Law.  The Law Offices of Robert Mann and Donald W. Cook.
     3435 Wilshire Boulevard, Suite 2900, Los Angeles, CA 90010.  Phone: (213) 252-9444.

31.  **Trial:** March 14, 2003, Robert N. Carter v. County of Orange, Superior Court,
     State of California (Orange County), Case # 01CC02437.
     Client Attorneys:
     Ms Vicki Sarmiento, Attorney at Law, The Law Offices of Vicki Sarmiento, 153 East Walnut
     Street, Suite B, Pasadena, CA 91103-3836.  Phone: (626) 793-1171.
     Milton Grimes, Attorney at Law, The Law Offices of Milton Grimes, 3774 West 54th Street, Los
     Angeles, CA 90043.  Phone: (323) 295-3023.

32.  **Deposition:** June 24, 2003, Anthony Morales v. County of Ventura, et al.  USDC Case CV 01 –
     04121 PJW.
     Client Attorneys:
     Mr. Peter Williamson, Attorney at Law, The Law Offices of Peter Williamson, 13915 Panay
     Way, Marina Del Ray, CA. 90292.  Phone: (310) 266-1641.
     Mr. John Burton, Attorney at Law, The Law Offices of John Burton, 414 Marengo Ave.,
     Pasadena, CA 91101.  Phone (626) 449-8300.

33.  **Deposition:** June 27, 2003, The Estate of Glen Eric Peterson, et al., v. City of Ontario, et al.
     USDC Case No. EDCV 01 – 802 RT (SGLx).
     Client Attorneys:
     Mr. Jorge Gonzalez, Attorney at Law, The Law Offices of Jorge Gonzalez, 111½ North Avenue
     56. Los Angeles, CA 90042.  Phone:  (323) 258-4329.
     Mr. Antonio H. Rodriguez, Attorney at Law, The Law Offices of Rodriguez and Rodriguez, 110
     North Avenue 56, Los Angeles CA 90042.  Phone: (323) 256-5552.

34.   **Deposition:** July 1, 2003, Daniel Unis, et al. v. Pat A. Crouch, et al.  USDC Case No. CV 02 – M – 0337 (CBS).
Client Attorneys:
Mr. Gregory Whitehair, Jonathan Warner, Jerry Meade, and Monica Loseman, Attorneys at Law, Gibson, Dunn, & Crutcher, LLP, 1801 California Street, Suite 4100, Denver, Colorado, 80202 – 2641.  Phone (323) 298-5700.

35.   **Trial:** July 17, 2003 & September 10, 2003, Anthony Morales v. County of Ventura, et al.  USDC Case CV 01 – 04121 PJW.
Client Attorneys:
Mr. Peter Williamson, Attorney at Law, The Law Offices of Peter Williamson, 13915 Panay Way, Marina Del Ray, CA. 90292.  Phone: (310) 266-1641.
Mr. John Burton, Attorney at Law, The Law Offices of John Burton, 414 Marengo Ave., Pasadena, CA 91101.  Phone (626) 449-8300.

36.   **Trial:** July 31, 2003 & August 4, 2003, Michael Vasquez v. City of Long Beach, et al.  Superior Court, State of California (Los Angeles County), Case #NC 030217.
Client Attorney:
Mr. Michael A. Lotta, Attorney at Law, The Law Offices of Michel A. Lotta, Inc.  3645 East 4th Street, Suite A, Long Beach, CA. 90814.  Phone (562) 438-9137.

37.   **Deposition:** August 29, 2003, Colleen Mahan, et al. v. City of Houston, et al.  USDC (Houston), Civil Action No. H – 02 – 1435.
Client Attorney:
Mr. Randall L. Kallinen, Attorney at Law, The Law Offices of Randall L. Kallinen, Great Southwest Building, 1314 Texas Avenue, Suite 600, Houston, TX, 77002.  Phone (713) 320-3785.

38.   **Trial:** September 11, 2003, People v. James T. Jones, Superior Court, State of California (Orange County), Case # 02NM13280.
Client Attorney:
Mr. Milton Grimes, Attorney at Law, The Law Offices of Milton Grimes, 3774 West 54th Street, Los Angeles, CA 90043.  Phone: (323) 295-3023.

39.   **Deposition:** October 27, 2003, Guillermo Lopez, et al., v. County of Los Angeles.  USDC, Case CV – 02 – 4545 FMC (MANx).
Client Attorney:
Mr. Eduardo Madrid, Attorney at Law, The Law Office of Eduardo Madrid, 556 North Diamond Bar Boulevard, Suite 106, Diamond Bar, CA 91765.  Phone (909) 396-5656.

40.   **Deposition:** December 8, 2003, James J. Owen v. County of Kern, et al., USDC, Case No. CIV – 02 – 5545 OWW SMS.
Client Attorney:
Ms. Kathleen Faulkner, Attorney at Law, The Faulkner Law Offices, 1825 18th. Street, PO Box 2810, Bakersfield, CA 93301.  Phone (661) 327-0601.

41.   **Deposition:** February 13, 2004, Manual Osornio, v. City of Long Beach, et al. Superior Court, State of California (Los Angeles County), Case #NC 031198.
Client Attorneys:
Mr. Michael A. Lotta, Attorney at Law, The Law Offices of Michel A. Lotta, Inc.  3645 East 4th Street, Suite A, Long Beach, CA. 90814.  Phone (562) 438-9137.
John C. Mulvana, Attorney at Law, The Law Office of John Mulvana, 3151 Airway Ave. Suite M2, Costa Mesa, CA 92626.  Phone (714) 545-5400.

42.   **Trial:** February 25, 2004, Manual Osornio, v. City of Long Beach, et al. Superior Court, State of California (Los Angeles County), Case #NC 031198.
Client Attorneys:
Mr. Michael A. Lotta, Attorney at Law, The Law Offices of Michel A. Lotta, Inc.  3645 East 4th Street, Suite A, Long Beach, CA. 90814.  Phone (562) 438-9137.
John C. Mulvana, Attorney at Law, The Law Office of John Mulvana, 3151 Airway Ave. Suite M2, Costa Mesa, CA 92626.  Phone (714) 545-5400.

43.   **Trial:** March 25, 2004, Joseph D. Ogunrmu v. County of San Bernardino, et al.  Superior Court, State of California (San Bernardino County), Case # SCVSS 81279.
Client Attorney:
Mr. Wole Akinyemi, Attorney at Law, The Law Office of Wole Akinyemi, 6066 Vera Street, Riverside, CA 92504.  Phone:  (909) 354-6813.

44.   **Deposition:** April 5, 2004, Sean D. Horton, v. County of Los Angeles, et al. USDC Case No. 03 4533R (JTLx).
Client Attorney:
Mr. Etan Z. Lorant, Attorney at Law. 16530 Ventura Blvd. Suite 211. Encino, CA 91436.  Phone: (818) 990-3992.

45.   **Trial:** April 16 & 19, 2004, Darlene Dominguez, et al. v. City of Whitter, et al.  Superior Court, State of California (Los Angeles County), Case No. CV 039704.

Client Attorney:
Mr. Rolando Hidalgo, Attorney at Law. 5220 East Beverly Blvd., Los Angeles, CA 90022.
Phone: (323) 724-5171.


46.   **Deposition:** May 4, 2004, Jerome Wilhoit, et al., v. City of Santa Ana, et al.  USDC Case No.
      SACV 00 – 1118 GLT (MAN).
      Client Attorney:
      Mr. Hermez Moreno, Attorney at Law, 714 West Olympic Blvd., Suite 910, Los Angeles, CA
      90015.  Phone: (213) 745-6300.


47.   **Deposition:** May 11, 2004, 106. Robert Phelps, II and Donald Phelps, v. City of Indianapolis, et
      al. USDC (Indianapolis).  Cause No. 1:02CV – 1912 – DFH.
      Client Attorney:
      Mr. Richard A. Waples, Attorney at Law, 410 North Audubon Road, Indianapolis, IN 46219.
      Phone: (317) 357-0903.


48.   **Deposition:** May 20, 2004.  Cesar Portillo, v. County of Los Angeles, et al.  USDC Case No.
      CV 034423 GHK (Ex).
      Client Attorney:
      Mr. Danilo J. Bacerra, Attorney at Law, The Law Offices of Moreno, Becerra, Guerrero &
      Casillas, 3500 West Beverly Blvd., Montebello, CA 90640.  Phone: (323) 725-0917.


49.   **Deposition:** June 24, 2004.  Yvette Contreras, et al. v. City of Lemoore, et al.  USDC CIV – F –
      02 – 6419.
      Client Attorneys:
      Mr. Milton George Evangelou, Jr., Attorney at Law, The Law Office of Milton George
      Evangelou, Jr., 4670 Nebo Drive, Suite 200, La Mesa, CA 91941-5230.  Phone: (619) 464-1411.
      Mr. Robert A. Seeman, Attorney at Law, Joe Freeman & Assoc., Attorneys at Law, 610 S.
      Glenoaks Blvd., Suite 206, Burbank, CA 91502.  Phone: (818) 840-8085.


50.   **Deposition:** July 15, 2004.  Federman v. County of Kern, et al.  USDC Case No. CIVF – 99 –
      5533 AWI/LJO.
      Client Attorney:
      Mr. John Burton, Attorney at Law, The Law Offices of John Burton, 414 Marengo Ave.,
      Pasadena, CA 91101.  Phone (626) 449-8300.

51.    **Trial:** July 29, 2004.  Edward Martinez, v. City of South Gate, et al.  USDC Case No. CV 03-00979 JFW (FMOx).
Client Attorneys:
Mr. James S. Muller, Attorney at Law, The Law Officer of James S. Muller, 3435 Wilshire Blvd., Suite 2900, Los Angeles, CA 90010--2015.  Phone (213) 381-3299.
Ms. Angela E. Oh, Attorney at Law, Oh & Barrera, LLP, 601 West Fifth Street, 8th Floor, Los Angeles, CA 90071.  Phone: (213) 225-5825.

52.    **Deposition:** August 17, 2004.  Gail Washington v. City of Los Angeles, et al. Superior Court (Los Angeles County) Case N0. BC 290495.
Client Attorney:
Mr. Damon E. Martin, Attorney at Law, The Law Office of Damon E. Martin, 3350 Wilshire Blvd., Suite 730, Los Angeles, CA 90010.  Phone: (213) 251-1085

53.    **Deposition:** August 18, 2004.  Thomas Grozynski, v. City of Orange, et al.  USDC Case No. SACV03-469 DOC (MLGx).
Client Attorney:
Mr. Hermez Moreno, Attorney at Law, Law Offices of Hermez Moreno, 714 West Olympic Blvd., Suite 910, Los Angeles, CA 90015.  Phone: (213) 745-6300.

54.    **Deposition:** August 31, 2004, Enrique Salazar, v. County of Kern, et al.  USDC Case No. CIV – F – 02 – 6185 DLB.
Client Attorney:
Ms. Kathleen Faulkner, Attorney at Law, The Faulkner Law Offices, 1825 18th.  Street, PO Box 2810, Bakersfield, CA 93301.  Phone: (661) 327-0601.

55.    **Deposition:** September 3, 2004, Claudio Fernandez, et al., v. City of Phoenix, et al.  Superior Court, State of Arizona (Maricopa County), Case No. 2003 – 013136.
Client Attorney:
Mr. Luis P. Guerra, Attorney at Law, Law Offices of Luis Guerra, L.L.C., 6225 North 24th Street, Suite 125, Phoenix, AZ 85016.  Phone: (602) 381-8400.

56.    **Deposition:** September 10, 2004 (continued from August 17, 2004).  Gail Washington v. City of Los Angeles, et al. Superior Court (Los Angeles County) Case N0. BC 290495.
Client Attorney:
Mr. Damon E. Martin, Attorney at Law, The Law Office of Damon E. Martin, 3350 Wilshire Blvd., Suite 730, Los Angeles, CA 90010.  Phone: (213) 251-1085.

57.    **Grand Jury Testimony:** September 22, 2004.  Regarding the Shooting Death of Ardolfo
Gonzaez Garcia by Harris County (Texas) Deputy Sheriff Zachary Long.  Harris County Sheriff's
Department Case # 0402015138.
At the request of Mr. Tommy LaFon, Assistant District Attorney, Public Integrity Division,
Harris County District Attorney's Office, 1201 Franklin, 6th Floor, Houston, Texas ,77002.
Phone: (713) 755-7077.
Client Attorney:
Mr. Randall L. Kallinen, Attorney at Law, The Law Offices of Randall L. Kallinen, Great
Southwest Building, 1314 Texas Avenue, Suite 600, Houston, TX, 77002.  Phone (713) 320-
3785.


58.    **Trial:**  September 24 & 27, 2004, and October 1, 2004, Thomas Grozynski, v. City of Orange, et
al.  USDC Case No. SACV03-469 DOC (MLGx).
Client Attorneys:
Mr. Hermez Moreno, Attorney at Law, Law Offices of Hermez Moreno, 714 West Olympic
Blvd., Suite 910, Los Angeles, CA 90015.  Phone: (213) 745-6300.
Mr. Milton Grimes, Attorney at Law, The Law Offices of Milton Grimes, 3774 West 54th Street,
Los Angeles, CA 90043.  Phone: (323) 295-3023.


59.    **Deposition:**  September 30, 2004 and October 8, 2004, Patrick Gillian v. City of San Marino, et
al., State of California Superior Court (Los Angeles County), Case No. BC 274294.
Client Attorney:
Mr. John Burton, Esq. Law Offices of John Burton, 414 South Marengo Avenue, Pasadena, CA
91101.  Phone: (626)449-8300.


60.    **Deposition:**  October 11, 2004, Jeremy Naidoo v. City of Santa Monica, et al., USDC Case No.
CV 03-6165 ABC (Rcx).
Client Attorney:
Ms. Fran Campbell, Attorney at Law, Randolph & Associates, 1717 4th Street, Suite # 300,
Santa Monica, CA 90401.  Phone: (310) 395-7900.


61.    **Deposition:**  October 15, 2004, Tracy Wert v. City of Chula Vista, et al., USDC Case No. 03 CV
1156 K (BLM).
Client Attorney:
Mr. John Burton, Esq. Law Offices of John Burton, 414 South Marengo Avenue, Pasadena, CA
91101.  Phone: (626)449-8300.


-11-

62. **Deposition:** October 20, 2004, Paul D. Harper, et al., v. City of Los Angeles, et al., USDC Case No. CV 01 – 09768 NM (PJWx).
Client Attorney:
Mr. Etan Lorant, Attorney at Law. 16530 Ventura Blvd. Suite 211. Encino, CA 91436. Phone: (818) 990-3992.

63. **Trial:** November 9 & 16, 2004, Yvette Contreras, et al. v. City of Lemoore, et al. USDC CIV – F – 02 – 6419.
Client Attorneys:
Mr. Milton George Evangelou, Jr., Attorney at Law, The Law Office of Milton George Evangelou, Jr., 4670 Nebo Drive, Suite 200, La Mesa, CA 91941-5230. Phone: (619) 464-1411.
Mr. Robert A. Seeman, Attorney at Law, Joe Freeman & Assoc., Attorneys at Law, 610 S. Glenoaks Blvd., Suite 206, Burbank, CA 91502. Phone: (818) 840-8085.

64. **Deposition:** November 17, 2004, Horacio Lopez Perez v. City of Los Angeles, et al. USDC Case No.  CV 04-2636 SVW (Rzx).
Client Attorneys:
Antonio H. Rodriguez, Attorney At Law, Law Offices Of Rodriguez & Rodriguez, 110 North Avenue 56, Los Angeles, CA 90042.  Phone (323) 256-5552.
Percy Duran III, Attorney at Law, Law Office of Percy Duran III, 720 Ganymede Drive Los Angeles, CA 90065.  Phone (323) 276-8520.

65. **Deposition:** November 29, 2004, Skyler Visconti v. City of Bakersfield, et al., USDC Case No. CIV - F - 03 - 6874 REC TAG.
Client Attorney:
Ms Kathleen Faulkner, Attorney at Law, Faulkner Law Office, 1825 18th Street, PO Box 2810, Bakersfield, CA 93301.  Phone (661) 327-0601.

66. **Deposition:** December 16, 2004, Marilyn Shields, v. El Dorado County, et al., USDC Case No. Civs 03 – 1614 EJG/PAN
Client Attorney:
Mr. Michael W. Jones, Attorney at Law, Hansen, Culhane, Kohls, Jones & Sommer, LLP, 2261 Lava Ridge Court, Roseville, CA 95661.  Phone (916) 781-2550.

67. **Trial:** December 21, 2004, Patrick Gillian v. City of San Marino, et al., State of California Superior Court (Los Angeles County), Case No. BC 274294.
Client Attorney:

-12-

Mr. John Burton, Esq. Law Offices of John Burton, 414 South Marengo Avenue, Pasadena, CA 91101. Phone: (626)449-8300.

68.    **Deposition:** January 3, 2005, Donald Clayton Fuller v. County of Orange, et al., USDC Case No. CV 04-6851 GPS (PJWx).
Client Attorneys:
Mr. Robert Mann & Mr. Donald W. Cook, Attorneys at Law, 3435 Wilshire Blvd., Suite 2900, Los Angeles, CA 90010. Phone: (213) 252-9444.

69.    **Deposition:** January 5, 2005, The Estate of Ricardo Escobedo, et al. v. The City of Redwood, et al., USDC (Northern District of California), Case No. C-03-3204, MJJ.
Client Attorneys:
Mr. John Houston Scott, Attorney at Law, The Scott Law Firm, 153 Townsend St., Suite 950, San Francisco, CA 94107. Phone: (415) 344-8725.
Mr. Randolph E. Darr, Attorney at Law, Pier 5 Law Offices, 506 Broadway, San Francisco, CA 94133. Phone: (415) 986-5591.

70.    **Deposition:** January 21, 2005, Frances Kurt Bourhenne, et al., v. Los Angeles County, et al., Superior Court, State of California, (Los Angeles County), Case No. TC 016301.
Client Attorney:
Susan D. Wallace, Attorney at Law, Law Office of Susan D. Wallace, 360 El Caminito, Carmel Valley, CA 93924. Phone: (831) 659-2721.

71.    **Deposition:** January 27, 2005, Donald Clayton Fuller v. County of Orange, et al., USDC Case No. CV 04-6851 GPS (PJWx).
Client Attorneys:
Mr. Robert Mann and Mr. Donald Cook, Law Offices of Mann & Cook, 3435 Wilshire Blvd. #2900, Los Angeles, CA 90010. Phone: (213) 252-9444.

72.    **Deposition:** March 8, 2005, Jackie B. LeBlanc, v. City of Los Angeles, et al. USDC Case No. CV 04-08250SVW (VBKx).
Client Attorney:
Mr. James Leonard Brown, Attorney at Law, Law Offices of James Leonard Brown, 3660 Wilshire Blvd. Suite 1118, Los Angeles, CA 90010. Phone: (213) 251-2332

73.    **Trial:** March 9, 2005, October 11, 2004, Jeremy Naidoo v. City of Santa Monica, et al., USDC Case No. CV 03-6165 ABC (Rcx).

Client Attorney:
Ms. Fran Campbell, Attorney at Law, Randolph & Associates, 1717 4th Street, Suite # 300, Santa Monica, CA 90401.  Phone: (310) 395-7900.

74.  **Deposition:**  March 21, 2005, Donald Daniels, v. County of Ventura, et al., USDC Case No. CV 03-8861 FMC (Rzx).
Client Attorney:
Mr. Peter M. Williamson, Attorney at Law, Williamson & Associates, 13915 Panay Way, Suite One, Marina del Rey, CA 90292 – 6102.  Phone : (310) 822-3377.

75.  **Trial:**  March 23, 2005, and March 30, 2005.  Frances Kurt Bourhenne, et al., v. Los Angeles County, et al., Superior Court, State of California, (Los Angeles County), Case No. TC 016301.
Client Attorney:
Susan D. Wallace, Attorney at Law, Law Office of Susan D. Wallace, 360 El Caminito, Carmel Valley, CA 93924.  Phone: (831) 659-2721.

76.  **Deposition:**  March 31, 2005.  Octavio Munoz Benavidez, v. City of Ontario, et al. USDC Case No. ED CV 00 – 1 RT (Cwx).
Client Attorneys:
Mr. Jorge Gonzalez, Attorney at Law, The Law Offices of Jorge Gonzalez, Jorge Gonzalez, 801 South Figueroa, 14th Floor, Los Angeles, CA 90017.  Phone: (213) 670-0063.
Mr. Antonio H. Rodriguez, Attorney at Law, The Law Offices of Rodriguez and Rodriguez, 110 North Avenue 56, Los Angeles CA 90042.  Phone: (323) 256-5552.

77.  **Trial:**  April 11, 12, 14, & 27, 2005.  Gail Washington v. City of Los Angeles, et al. Superior Court (Los Angeles County) Case N0. BC 290495.
Client Attorney:
Mr. Damon E. Martin, Attorney at Law, The Law Office of Damon E. Martin, 3350 Wilshire Blvd., Suite 730, Los Angeles, CA 90010.  Phone: (213) 251-1085.

78.  **Trial:**  April 13, 2005.  October 15, 2004, Tracy Wert v. City of Chula Vista, et al., USDC Case No. 03 CV 1156 K (BLM).
Client Attorney:
Mr. John Burton, Esq. Law Offices of John Burton, 414 South Marengo Avenue, Pasadena, CA 91101.  Phone: (626)449-8300.

79.  **Deposition:**  April 22, 2005.  Angelica Alcala, et al., v. City of Long Beach, et al., Superior Court, State of California (Los Angeles County), Case No. NC 035597.

-14-

Client Attorney:
Mr. Mauro Fiore Jr., Attorney at Law, Law Offices of Mauro Fiore, Jr., 1901 W. Pacific Ave., Suite 260, West Covina, CA 91790.  Phone: (626) 856-5856.

80.    **Trial:**  May 12, 2005.  Angelica Alcala, et al., v. City of Long Beach, et al., Superior Court, State of California (Los Angeles County), Case No. NC 035597.
Client Attorney:
Mr. Mauro Fiore Jr., Attorney at Law, Law Offices of Mauro Fiore, Jr., 1901 W. Pacific Ave., Suite 260, West Covina, CA 91790.  Phone: (626) 856-5856.

81.    **Deposition:**  May 26, 2005.  Angelica Huerta, v. City of San Gabriel, Worker's Compensation Appeals Board, State of California, Case No. LAO 0837997.
Client Attorney:
Mr. Moises Vasquez, Attorney at Law, Law Offices of Moises Vasquez, 6705 Painter Ave, Whitter, CA 90601.  Phone: (562) 698-3703.

82.    **Trial:**  June 7, 2005.  People v. Robert C Vaughn, Superior Court, State of California (Los Angeles County), Case No. SA 055314.
Client Attorney:
Mr. Dale K. Galipo, Attorney at Law, The Law Offices of Dale K. Galipo, 21800 Burbank Boulevard, Suite 310, Woodland Hills, CA 91367.  Phone: (818) 347-3333.

83.    **Trial:**  June 8, 2005.  People v. Christopher Neisen, Superior Court, State of California (San Diego County), Case No. WV2774.
Client Attorney:
Mr. David J. Lola, Attorney at Law, The McMillan Law Firm, APC, 4670 Nebo Dr., #200, La Mesa, CA 91941.  Phone: (619) 464-1500.

84.    **Deposition:**  June 22, 2005.  Brenda Gaines, et al., v. County of Los Angeles, et al., Superior Court, State of California (Los Angeles County), Case No. BC 318934
Client Attorney:
Ms. Cheryl C. Turner, Attorney at Law, The Law Office of Cheryl C. Turner, 1200 Wilshire Blvd. # 206, Los Angeles, CA 90017.  Phone: (213) 482-2248.

85.    **Deposition:**  June 24, 2005.  Theresa Holbrook Kraft, et al., v. Shannon Laney, et al., USDC Case No. CIV. S-04-129 EJG GGH.
Client Attorney:

-15-

Mr. Amitai Schwartz, Attorney at Law, Law Offices of Amitai Schwartz, Watergate Towers, 2000 Powell Street, Suite 1286, Emeryville, CA 94608-1860. Phone: (510) 597-1775.

86.  **Deposition:** July 8, 2005. Gullermo Fernando Astudillo v. County of Los Angeles, et al., USDC Case No. CV 03 – 4719.
Client Attorney:
Mr. William C. Saacke, Attorney at Law, The Law Offices of McNulty and Saacke, 3562 Howard Ave., Suite A., Los Alamitos, CA 90720. Phone: (562) 598-0545.

87.  **Deposition:** July 12, 2005. Thomas Nihipali, v. County of Los Angeles, et al., Superior Court, State of California (Los Angeles County), Case No. TC 015531.
Client Attorney:
Mr. Peter M. Williamson, Attorney at Law, Williamson & Associates, 13915 Panay Way, Suite One, Marina del Rey, CA 90292 – 6102. Phone: (310) 822-3377.

88.  **Deposition:** July 19, 2005. Christopher D. Wiley v. City of Simi Valley, et al., USDC Case No. CV 04-4413 MM (FMOx).
Client Attorney:
Mr. David S. Miller, Attorney at Law, The Law Offices of David S. Miller, 2277 Townsgate Road, Suite 212, Westlake Village, CA 91361. Phone: (805) 230-1120.

89.  **Trial:** July 27, 2005. Gullermo Fernando Astudillo v. County of Los Angeles, et al., USDC Case No. CV 03 – 4719.
Client Attorney:
Mr. William C. Saacke, Attorney at Law, The Law Offices of McNulty and Saacke, 3562 Howard Ave., Suite A., Los Alamitos, CA 90720. Phone: (562) 598-0545.

90.  **Deposition:** August 2, 2005. Barbara Bueras Herrera et al., v. County of Los Angeles, et al., Superior Court (Los Angeles County), State of California, Case No. TC 018251.
Client Attorney:
Mr. Angel Carrazco, Jr., Attorney at Law, Aval Fiore & Carrazco LLP, 100 Oceangate, Suite 525, Long Beach, CA 90802. Phone: (562) 628-9050.

91.  **Deposition:** August 5, 2005. Shanie Rusth, v. City of Hermosa Beach, et al., USDC Case No. CV-04-4316 DSF (JWJx).
Client Attorney:

Mr. Edward M. Ramirez, Attorney at Law & Mr. Michael F. Frank, Attorney at Law, 350 South Figueroa Street, Suite 580, Los Angeles, CA 90071.  Phone: (213) 621-7738

92.   **Deposition:**  August 31, 2005.  Estate of Gregory Lewis, et al. v. City of Hayward, et al., USDC Case No. C 03 05360 (CW).
Client Attorneys:
Mr. John L. Burris & Mr. Ben Nisenbaum, Attorneys at Law, John Burris Law Offices, 7677 Oakport Street, #1120, Oakland, CA 94621. Phone: (510) 839-5200.

93.   **Deposition:**  September 8, 2005.  Derrick Evans, et al., v. City of Los Angeles, et al.  USDC Case No. CV 042764 GHK.
Client Attorney:
Mr. Gary Casselman, Attorney at Law. Law Offices of Gary S. Casselman. 3415 South Sepulveda Blvd., Suite 370, Los Angeles, CA 90034. Phone: (310) 390-4406.

94.   **Trial:**  September 14 & 15, 2005.  Thomas Nihipali, v. County of Los Angeles, et al., Superior Court, State of California (Los Angeles County), Case No. TC 015531.
Client Attorney:
Mr. Peter M. Williamson, Attorney at Law, Williamson & Associates, 13915 Panay Way, Suite One, Marina del Rey, CA 90292 – 6102.  Phone: (310) 822-3377.

95.   **Deposition:**  September 27, 2005.  Erika Anderson, et al. v. City of Maywood, et al. USDC Case No. CV-04-10119 RGK (Shx).
Client Attorney:
Mr. Brian T. Dunn, Attorney at Law, The Cochran Firm, 4929 Wilshire Blvd. Suite 1010, Los Angeles, CA. 90010.  Phone: (323) 931-6200.

96.   **Trial:**  October 6 & 7, 2005.  Alma Rosa Castro, et al. v. Matthew W. McCord, et al., USDC (Texas) Case No. H – 04 – 1612.
Client Attorney:
Mr. Randall L. Kallinen, Attorney at Law, 1406 Castle Court, Houston, TX 77006.  Phone (713) 528-8586.

97.   **Deposition:**  October 10, 2005.  Raul Ramirez, v. County of Los Angeles, et al., USDC Case No. CV 04-6102 GAF (FMC).
Client Attorneys:

-17-

Mr. Michael H. Artan, Attorney at Law, One Wilshire Boulevard, Suite 2200, Los Angeles, CA 90017.  Phone (213) 688-0370.
Michael J. Olecki Attorney at Law, 2001 Wilshire Boulevard, Suite 210,Santa Monica, CA 90403.  Phone (310) 315-3009.
Mr. Michael Sobel, Attorney at Law, 431 North Doheny Drive, No. 4, Beverly Hills, CA  90210.  Phone (310) 276-0249.

98.   **Deposition:** October 12, 2005.  Guillermina Navarez, et al., v. City of Fontana, et al., USDC Case No. SCVSS 105091.
      Client Attorneys:
      Mr. Dale K. Galipo, Attorney at Law, Law Offices of Dale K. Galipo, 21800 Burbank Boulevard, Suite 310, Woodland Hills, CA 91367.  Phone (818) 347-3333.

99.   **Deposition:** October 14, 2005.  Francisco Hilt v. City of Los Angeles, et al., USDC Case No. CV 04-9856 DSF (JTLx).
      Client Attorney:
      Mr. James S. Muller, Attorney at Law, The Law Officer of James S. Muller, 3435 Wilshire Blvd., Suite 2900, Los Angeles, CA 90010--2015.  Phone (213) 381-3299.

100.  **Deposition:** October 25, 2005.  Larry Glynn v. City of Long Beach, Superior Court, State of California (Los Angeles County) Case No. NC 36392.
      Client Attorney:
      Mr. Joshua M. Merliss, Attorney at Law, The Law Office of Joshua M. Merliss, 3580 Wilshire Blvd. #1800, Los Angeles, CA 90010.  Phone (213) 739-7000.

101.  **Deposition:** October 25, 2005.  Georgia Adams, et al. v. City of Rialto, et al., USDC Case No. ED CV 04-00155 VAP (SGLx).
      Client Attorneys:
      Ms. Vicki I. Sarmiento, Attorney At Law, The Law Offices of Vicki Sarmiento, 333 North Garfield Ave., Alhambra, CA 91801.  Phone (626) 308-1171.
      Mr. Dale K. Galipo, Attorney at Law, Law Offices of Dale K. Galipo, 21800 Burbank Boulevard, Suite 310, Woodland Hills, CA 91367.  Phone: (818) 347-3333.

102.  **Trial:** December 1, 2005.  October 25, 2005, Larry Glynn v. City of Long Beach, Superior Court, State of California (Los Angeles County) Case No. NC 36392.
      Client Attorney:
      Mr. Joshua M. Merliss, Attorney at Law, The Law Office of Joshua M. Merliss, 3580 Wilshire Blvd. #1800, Los Angeles, CA 90010.  Phone (213) 739-7000.

103.   **Deposition:**  December 9, 2005.  Mary Perea, et al., v. County of San Bernardino, et al., USDC Case No. EDCV 04-00154 (SGLx).
Client Attorney:
Mr. Dale K. Galipo, Attorney at Law, Law Offices of Dale K. Galipo, 21800 Burbank Boulevard, Suite 310, Woodland Hills, CA 91367.  Phone: (818) 347-3333.

104.   **Deposition:**  December 14, 2005.  Carolyn Drye-Durden, et al. v. Houston Independent School District, et al., USDC (Houston) Case No: H-04-2817.
Client Attorney:
Mr. Randall L. Kallinen, Attorney at Law, 1406 Castle Court, Houston, TX 77006.  Phone (713) 528-8586.

105.   **Deposition:**  December 16, 2005, and December 22, 2005.  Georgia (Jo) A. Baldauf, v. Clifton Davidson, et al., USDC (Indianapolis) Case No. 1:04-cv-01571 JDT-TAB.
Client Attorney:
Mr. Michael K. Sutherlin, Attorney at Law, Law Offices of Michael K. Sutherlin & Associates, P.C., P.O. Box 441095, Indianapolis, IN 46244-1095.  Phone: (317) 634-6313.

106.   **Deposition:**  January 3, 2006.  Salvador Sibrian, Maria Hernandez, et al. v. City of Los Angeles, et al., USDC Case No. CV 03-8301 LGB (PLAx).
Client Attorney:
Mr. Benjamin Schonbrun, Attorney at law, Schonbrun DeSimone Seplow Harris & Hoffman LLP, 723 Ocean Front Walk, Venice, CA 90291.  Phone: (310) 396-0731.

107.   **Deposition:**  January 10, 2006.  Danny Miller v. County of Riverside, et al., Superior Court, State of California (Riverside County), Case No. RIC 406368.
Client Attorney:
A. Eli Galam, Attorney at Law, The Law Offices of A. Eli Galam, 27349 Jefferson Avenue, Suite 105, Temecula, CA 92590.  Phone: (951) 296-6609.

108.   **Deposition:**  January 24, 2006.  Michael Evans v. City of Chicago, et al., USDC Case No. O4-C-3570 (Illinois).
Client Attorney:
Mr. Jon Loevy, Attorney at Law, The Law Office of Loevy & Loevy, 312 North May Street, Suite 100, Chicago, IL 60607.  Phone: (312) 243-5900.

109. **Trial:** January 26, 2006. February 1, 2006 and February 7, 2006, Mary Perea, et al., v. County of San Bernardino, et al., USDC Case No. EDCV 04-00154 (SGLx).
Client Attorney:
Mr. Dale K. Galipo, Attorney at Law, The Law Offices of Dale K. Galipo, 21800 Burbank Boulevard, Suite 310, Woodland Hills, CA 91367.  Phone: (818) 347-3333.

110. **Deposition:** January 30, 2006.  Edwin Marcial and Arturo Lopez-Orozco, v. City of Los Angeles, USDC Case No. CV-05-0691 MMM (JTLx).
Client Attorney:
Ms. Peggy A. Roman-Jacobson, Attorney at Law, Schonbrun DeSimone Seplow Harris & Hoffman LLP, 414 South Marengo Ave. Pasadena, CA 91101.  Phone: (626) 440-5969.

111. **Deposition:**  February 2, 2006.  Estate of David Viera, et al v. City of El Monte, et al., USDC Case No. CV 6082 MMM (Rzx)
Client Attorney:
Mr. Brian T. Dunn, Attorney at Law, The Cochran Firm, 4929 Wilshire Blvd. Suite 1010, Los Angeles, CA. 90010.  Phone: (323) 931-6200.

112. **Deposition:**  February 3, 2006.  Larry Johnson, v. City of St. Louis, et al., USDC (Eastern District), Case No.4: 04-CV-00967 FNL.
Client Attorney:
Mr. Jon Loevy, Attorney at Law, The Law Firm of Loevy & Loevy, 312 North May Street, Suite 100, Chicago, IL 60607.  Phone: (312) 243-5900.

113. **Trial:**  February 8, 9, & 10, 2006.  Raul Ramirez, v. County of Los Angeles, et al., USDC Case No. CV 04-6102 GAF (FMC).
Client Attorneys:
Mr. Michael H. Artan, Attorney at Law, One Wilshire Boulevard, Suite 2200, Los Angeles, CA 90017.  Phone (213) 688-0370.
Michael J. Olecki Attorney at Law, 2001 Wilshire Boulevard, Suite 210,Santa Monica, CA 90403.  Phone (310) 315-3009.
Mr. Michael Sobel, Attorney at Law, 431 North Doheny Drive, No. 4, Beverly Hills, CA  90210.  Phone (310) 276-0249.

114. **Deposition:**  February 15, 2006.  Lisa Rocha v. County of San Bernardino, et al., USDC Case No. CV-05-06245 SVW (FMOx).
Client Attorney:

-20-